IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY L. POPE,

  Petitioner,

v.

STEVE FRANKE,

  Respondent.

Civil No. 3:11-cv-00882-BR

OPINION AND ORDER

  TONIA MORO
  19 South Orange Street
  Medford, OR 97501

    Attorney for Petitioner

  ELLEN F. ROSENBLUM
  Attorney General
  KRISTIN E. BOYD
  Assistant Attorney General
  Department of Justice
  1162 Court Street NE
  Salem, OR 97301

    Attorneys for Respondent

BROWN, Senior Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the Second Amended Petition for Writ of Habeas Corpus (ECF No. 34).

## BACKGROUND

On January 31, 2005, a Lincoln County grand jury issued a 40-count indictment against Petitioner for a variety of offenses. Resp. Exh. 102. The charges stemmed from allegations that Petitioner, who was a manager at a motel, habitually lured underage boys to his room and provided them with drugs, often in "exchange" for sexual activity. Resp. Exh. 103, pp. 37, 87, 132, 157, 198, 239, 262, 273, 295. Petitioner's room had video equipment and many videotapes, and Petitioner filmed his encounters with the underage boys; sometimes the boys were unconscious or unaware Petitioner was filming them. Resp. Exh. 103, pp. 19, 23, 53, 103, 173, 192, 224-25.

Counts 32 and 33 of the Amended Indictment against Petitioner alleged attempted compelling prostitution offenses related to one of the victims:

> COUNT 32: ATTEMPTED COMPELLING PROSTITUTION (ORS 167.017; 161.405 F/C)-
> The said defendant, on or about September through December 2004, in the County of Lincoln and State of Oregon, did unlawfully and intentionally attempt to

2 - OPINION AND ORDER -

>     induce [the victim], a child under the age of 18 years,
>     to engage in prostitution.
>
>     COUNT 33:    ATTEMPTED COMPELLING PROSTITUTION (ORS
>     167.017; 161.404 F/C) -
>     As a separate act from any act alleged in Count 32 or any
>     other Counts herein, the said defendant, on or about
>     September through December 2004, in the County of Lincoln
>     and State of Oregon, did unlawfully and intentionally
>     attempt to induce [the victim], a child under the age of
>     18 years, to engage in prostitution.

Resp. Exh. 102, p. 5.

Petitioner waived his right to trial by jury, and a judge adjudicated his case. Petitioner did not testify at trial. The victim identified in Counts 32 and 33 testified that he worked for cash on occasion at the hotel Petitioner managed. The victim asked on two occasions to be paid for his work, and each time Petitioner handed him a $100 bill, which was more money than Petitioner owed the victim for his work. Each time, Petitioner told the victim he could keep the extra money if the victim would perform oral sex on Petitioner. Both times the victim declined and handed the money back to Petitioner.

Petitioner's trial counsel moved for acquittal on eight counts, but did not include Counts 32 and 33 in these motions. Counsel did, however, argue that the state's proof was deficient on these Counts because Petitioner's comment to the victim was a joke, that Petitioner was not really trying to be a "John, so to speak, and get this guy to, uh, prostitute himself for him for money." Resp. Exh. 103, p. 248. The trial judge found Petitioner guilty on

3 - OPINION AND ORDER -

Counts 32 and 33, as well as other counts totalling 35 of the 40 charges. The trial judge imposed a 30-month sentence on each of Counts 32 and 33 to run concurrently with each other and consecutive to the sentence on Count 27. The trial judge sentenced Petitioner to a total of 54 years of imprisonment. Petitioner is presently scheduled to begin serving his sentence on Counts 32 and 33 in approximately 2046.

Petitioner filed a direct appeal, assigning error to three convictions for Delivery of a Controlled Substance to a Minor. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Pope*, 215 Or. App. 359, 168 P.3d 359, *rev. denied*, 343 Or. 554, 173 P.3d 831 (2007).

Petitioner sought state post-conviction relief ("PCR"), alleging several claims of ineffective assistance of trial and appellate counsel. Following an evidentiary hearing, the state PCR trial judge denied relief. Petitioner appealed, but again the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Pope v. Mills*, 239 Or. App. 629, 246 P.3d 755 (2010), *rev. denied*, 349 Or. 664, 249 P.3d 1282 (2011).

On October 6, 2010, the Oregon Court of Appeals decided *State v. Vargas-Torres*, 237 Or. App. 619, 242 P.3d 619 (2010). In *Vargas-Torres*, the court determined that the legislative intent behind the Attempted Compelling Prostitution statute (Or. Rev. Stat. § 167.017) requires proof of a third-party promoter of

4 - OPINION AND ORDER -

prostitution; *i.e.*, the statute applies only to defendants who induce someone to engage in prostitution with others, not solely the third-party promoter.

On February 1, 2011, Petitioner filed a second state PCR petition, arguing that under *Vargas-Torres*, his two convictions for Attempted Compelling Prostitution should be overturned. The PCR trial court dismissed the second PCR complaint as successive and time-barred. On appeal, the Oregon Court of Appeals affirmed without opinion. *Pope v. Franke*, 254 Or. App. 418, 295 P.3d 695 (2012). Petitioner did not seek review from the Oregon Supreme Court.

Petitioner then filed this habeas corpus action in this Court. In his Second Amended Petition, Petitioner alleges twenty separate claims for relief, summarized as follows:

> **Ground One:** Ineffective assistance of trial counsel when counsel failed to investigate or challenge a search warrant, controvert the affidavit filed in support of the search warrant, and otherwise move for a *Franks* hearing or suppression.
>
> **Ground Two:** Ineffective assistance of trial counsel when counsel failed to file a motion to suppress illegally obtained evidence.
>
> **Ground Three:** Ineffective assistance of trial counsel when counsel failed to move for a judgment of acquittal or otherwise object to the sufficiency of the evidence as to Counts Ten and Fifteen.
>
> **Ground Four:** Ineffective assistance of trial counsel when counsel failed to move for a judgment of acquittal on Count One or otherwise object to the court's determination that the state was not required to prove

5 - OPINION AND ORDER -

that petitioner "knowingly" committed the offense alleged in Count One.

**Ground Five:** Ineffective assistance of trial counsel when counsel failed to prepare and present an affirmative defense to Counts Seventeen and Eighteen.

**Ground Six:** Ineffective assistance of trial counsel when counsel failed to move for judgment of acquittal on Counts Eleven and Sixteen based upon the state's failure to prove Petitioner was aware of the victim's age.

**Ground Seven:** Ineffective assistance of trial counsel when counsel failed to move for a judgment of acquittal as to Count Twenty-eight on the basis that the state failed to establish petitioner delivered marijuana to the victim.

**Ground Eight:** Ineffective assistance of trial counsel when counsel failed to challenge the admission of an incomplete and partial showing of a video tape related to Count Six.

**Ground Nine:** Ineffective assistance of trial counsel when counsel failed to object to convictions on Counts Two, Four, and Five based upon incorrect and insufficient evidence.

**Ground Ten:** Ineffective assistance of trial counsel when counsel failed to prepare petitioner before trial by informing him of the charges and allowing him to discover and view the evidence.

**Ground Eleven:** Ineffective assistance of trial counsel when counsel failed to properly inform petitioner of his right to have a jury trial and jury findings on sentencing factors.

**Ground Twelve:** Ineffective assistance of trial counsel when counsel failed to object to incorrect sentencing.

**Ground Thirteen:** Ineffective assistance of trial counsel when counsel failed to move for judgment of acquittal on County Twenty-eight based on the state's failure to establish petitioner knew the victim was under the age of eighteen.

**Ground Fourteen:** Ineffective assistance of trial counsel when counsel failed to investigate by contacting two witnesses.

**Ground Fifteen:** Trial court error when the court denied petitioner's motions for judgment of acquittal on Counts Nineteen, Twenty-six, and Twenty-seven based on the state's failure to prove petitioner "delivered" controlled substances to the victims.

**Ground Sixteen:** Ineffective assistance of trial counsel when counsel failed to move for a judgment of acquittal on Counts Thirty-two and Thirty-three based on the state's failure to prove Petitioner acted or attempted to act as a third-party promoter of prostitution.

**Ground Seventeen:** Ineffective assistance of appellate counsel when counsel failed to pursue meritorious issues on appeal.

**Ground Eighteen:** Ineffective assistance of appellate counsel when counsel failed to pursue issues preserved by trial counsel relating to the convictions and sentences imposed on Counts Seven, Eight, Eleven, Nineteen, Twenty, Twenty-six, Twenty-seven, Twenty-eight, Twenty-nine, Thirty-four, and Thirty-five.

**Ground Nineteen:** Prosecution misconduct based on the prosecutions failure to present any evidence petitioner was a third-party promoter of prostitution.

**Ground Twenty:** Petitioner is actually innocent of his conviction and sentences on the promoting prostitution counts.

In response, Respondent argues that Petitioner procedurally defaulted the claims alleged in Grounds Three through Six and Eight through Nineteen, that all of Petitioner's claims for relief fail on the merits either because they were denied by the state courts in decisions entitled to deference or because they are not supported by the record, and that Petitioner's freestanding claim

7 - OPINION AND ORDER -

of actual innocence is not cognizable in this proceeding and, in any event, lacks merit.

In his counseled Brief in Support of Petition for Writ of Habeas Corpus, Petitioner addresses only the claims alleged in Grounds Sixteen, Seventeen, and Nineteen, challenging his convictions for attempting to compel prostitution. Petitioner argues his procedural default of those claims was excused by actual innocence because, under *Vargas-Torres*, he did not commit the crime of Attempted Compelling Prostitution. With permission of the Court, Petitioner also submitted a *pro se* Supplemental Brief presenting arguments on the claims not addressed by counsel.

After additional briefing, Respondent ultimately submitted a motion to vacate Petitioner's convictions on Count 32 and Count 33. Although Respondent did not concede that Petitioner's challenge to the Attempted Compelling Prostitution convictions had merit, Respondent nevertheless agreed that, in the interests of conservation of state and judicial resources, these convictions should be vacated. After the Court held oral argument and accepted the parties' stipulation to the vacation of Petitioner's convictions on Count 32 and 33, the parties, nevertheless, disputed the appropriate remedy. The Court, therefore, withheld ruling pending additional briefing.

According to Petitioner, the appropriate remedy upon entry of an order vacating the convictions on Counts 32 and 33 is to remand

the case to Lincoln County Circuit Court for re-sentencing on all of the remaining convictions. Without specific supporting argument, Petitioner states he "believes there are grounds to direct the state to re-sentence him on all of the counts." On the other hand, Respondent contends that the appropriate remedy upon granting the motion to vacate the convictions on Counts 32 and 33 is to allow the Oregon Department of Corrections to recalculate Petitioner's sentence without the two convictions or to allow the state court to enter an Amended Judgment consistent with this Court's order to vacate the convictions.

A district court has broad discretion to fashion a remedy and in conditioning a judgment granting habeas corpus relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Pursuant to 28 U.S.C. § 2243, the court must "dispose of the matter as law and justice require." The Supreme Court has instructed that "remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Lafler v. Cooper*, 566 U.S. 156, 132 S. Ct. 1376, 1388-89 (2012) (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)). "Thus, a remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Id.* (quoting *Morrison*, 449 U.S. at 365). "The court's remedy

'should put the defendant back in the position he would have been" if the violation had never occurred. *Johnson v. Uribe*, 700 F.3d 413, 425 (9th Cir. 2012) (quoting *Chioino v. Kernan*, 581 F.3d 1182, 1184 (9th Cir. 2009)).

Here, the Court notes it has not independently found a constitutional violation, but, instead, the Court is granting habeas relief based on the parties' stipulation to vacate the convictions on Counts 32 and 33. Under all of the circumstances, the Court finds the appropriate remedy to put Petitioner back in the position he would have been had he not been convicted on Counts 32 and 33 is simply to order the convictions vacated. The Court does not find any basis, and, therefore, declines to remand the case to the Lincoln County Circuit Court for re-sentencing on all of Petitioner's remaining convictions. *See Wilkinson v. Dotson*, 544 U.S. 74, 85 (2005) (Scalia, J., concurring) ("when a habeas petitioner challenges only one of several consecutive sentences, the court may invalidate the challenged sentence even though the prisoner remains in custody to serve the others); *Moon v. Coursey*, Case No. 3:10-cv-00616-BR, 2016 WL 4059659, at *12 (D. Or. July 28, 2016) (vacating conviction of Kidnaping in the First Degree, but leaving intact conviction and sentence for Aggravated Murder); *Gillespie v. Taylor*, Case No. 2:14-cv-00062-JE, 2016 WL 1588394, at *1) (D. Or. April 18, 2016) (vacating conviction for a single count

in a multi-count conviction and ordering respondent to re-calculate the petitioner's sentence in accordance with the court's order).

As noted, the Brief in Support filed on Petitioner's behalf by counsel addresses only the claims alleged in Grounds Sixteen, Seventeen, and Nineteen, which the Court addresses above. Although Petitioner also submitted a Pro Se Supplemental Brief in Support of Petition for Writ of Habeas Corpus, the Court, after a full review of the record, concludes Petitioner is not entitled to habeas corpus relief on any of the remaining grounds for relief for the following reasons:

Petitioner procedurally defaulted the claim alleged in Ground Fifteen because it was raised on direct appeal only as a state-law claim. Petitioner procedurally defaulted the claim alleged in Ground Thirteen because it was not raised at any time during his initial state PCR proceedings. Petitioner procedurally defaulted the claims alleged in Grounds Three through Six, Eight through Twelve, and Fourteen, because he failed to present them to the Oregon Supreme Court during his appeal from his initial state PCR proceeding. In addition, Petitioner has not established cause and prejudice or a fundamental miscarriage of justice excusing the procedural default of any of these claims. Finally, the claims alleged in the remaining four grounds for relief, Grounds One, Two, and Seven, were denied by the state courts on the merits. Because those state court decisions were not contrary to or an unreasonable

application of clearly established federal law, they are entitled to deference and habeas corpus relief may not be granted. See 28 U.S.C. § 2254(d).

## **CONCLUSION**

For these reasons, the Court GRANTS IN PART and DENIES IN PART the Second Amended Petition for Writ of Habeas Corpus. The Court ORDERS that Petitioner's convictions for Attempted Compelling Prosecution in Count 32 and Count 33 are hereby VACATED. The Court DENIES habeas corpus relief on the remaining claims.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 3rd day of May, 2018.

_____
ANNA J. BROWN
United States Senior District Judge